**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 05-CR-023-TCK |
| ) | (09-CV-441-TCK-PJC) |
| ARTHUR EARL TAYLOR, ) | |
| ) | |
| Defendant. ) | |

**OPINION AND ORDER**

Before the Court is the motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 (Dkt. # 58) filed by Defendant Arthur Earl Taylor, a federal inmate appearing *pro se*. The government filed a response (Dkt. # 64), opposing the sentencing relief sought by Defendant. Defendant filed a reply (Dkt. # 65), along with supplements (Dkt. #s 67 and 68). Defendant also filed a motion for appointment of counsel (Dkt. # 66). For the reasons discussed below, the Court finds Defendant is not entitled to reopening of his sentence. His § 2255 motion shall be denied.

*BACKGROUND*

The record reflects that Defendant was convicted of Felon in Possession of a Firearm and Ammunition. On November 7, 2005, the Court applied the Armed Career Criminal Act ("ACCA") and sentenced Defendant to 188 months imprisonment. See Dkt. # 34. At the time of his sentencing, Defendant lodged no objection to the Presentence Report ("PSR"). See id. The PSR identified four offenses as predicates for sentencing under the ACCA: (1) Escape from a County Jail, Ottawa County District Court, Case No. CRF-78-714; (2) Second Degree Burglary and Feloniously Pointing a Weapon, Craig County District Court, Case No. CF-1982-3; (3) Escape from a Penal Institution, Pittsburg County District Court, Case No. CF-1983-396; and (4) Escape from a Penal

Institution, Atoka County District Court, Case No. CF-1992-65. An amended judgment (Dkt. # 40) was entered on November 29, 2005.

Defendant appealed to the Tenth Circuit Court of Appeals. See Dkt. # 37. He raised one claim: that the indictment was improperly duplicitous because it charged him with two or more separate offenses in the same count. By Order filed August 28, 2006, see Dkt. # 53, the Tenth Circuit affirmed the judgment entered by this Court.

On July 9, 2009, Defendant filed the instant § 2255 motion, alleging that his trial and appellate attorneys provided ineffective assistance of counsel in failing to object to the application of the ACCA to enhance his sentence based on the rationale later set forth in Chambers v. United States, 129 S.Ct. 687 (2009). See Dkt. # 58.

## *ANALYSIS*

### A. Motion for appointment of counsel

As a preliminary matter, the Court shall deny Defendant's motion for appointment of counsel. There is no constitutional right to counsel beyond the direct appeal of a conviction. See Swazo v. Wyoming Department of Corrections, 23 F.3d 332, 333 (10th Cir. 1994).

### B. Defendant is not entitled to sentencing relief

In his § 2255 motion, Defendant claims that his trial counsel, Robert Ridenour, and his appellate counsel, Barry Derryberry, provided ineffective assistance of counsel in failing to raise objections to the use of two of his escape convictions, entered in Atoka County District Court, Case No. CRF-1991-65, and Pittsburg County District Court, Case No. F-83-396, as predicate offenses for enhancement of his sentence under the ACCA. The government responds that Defendant is not entitled to relief from his sentence based on his claim of ineffective assistance of counsel for failing

to anticipate the holding of Chambers.  See Dkt. # 64.  Furthermore, according to the government, the holding of Chambers does not apply to Petitioner's escape convictions.  Id.

To establish ineffective assistance of counsel, a defendant must show that his counsel's performance was deficient and that the deficient performance was prejudicial.  Strickland v. Washington, 466 U.S. 668, 687 (1984); Osborn v. Shillinger, 997 F.2d 1324, 1328 (10th Cir. 1993). A defendant can establish the first prong by showing that counsel performed below the level expected from a reasonably competent attorney in criminal cases.  Strickland, 466 U.S. at 687-88. There is a "strong presumption that counsel's conduct falls within the range of reasonable professional assistance."  Id. at 688.  In making this determination, a court must "judge . . . [a] counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct."  Id. at 690.  Moreover, review of counsel's performance must be highly deferential.  Id. "[I]t is all too easy for a court, examining counsel's defense after it has proved unsuccessful, to conclude that a particular act or omission of counsel was unreasonable."  Id. at 689.  Counsel is not constitutionally ineffective for failing to raise issues devoid of merit. United States v. Cook, 45 F.3d 388, 393 (10th Cir. 1995).

To establish the second prong, a defendant must show that this deficient performance prejudiced the defense, to the extent that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.  A reasonable probability is a probability sufficient to undermine confidence in the outcome."  Strickland, 466 U.S. at 694; see also Lockhart v. Fretwell, 506 U.S. 364, 369-70 (1993).

Upon review of the record in this case, the Court finds that Defendant cannot satisfy the Strickland standard.  Under Tenth Circuit law in effect at the time of Defendant's sentencing, every

escape was a violent felony under the ACCA. See United States v. Moore, 401 F.3d 1220, 1225 (10th Cir. 2005); United States v. Moudy, 132 F.3d 618, 620 (10th Cir. 1998). On January 13, 2009, however, the Supreme Court decided Chambers v. United States, 129 S.Ct. 687, 690-91 (2009), holding that certain types of escapes are not violent felonies within the meaning of the ACCA. Specifically, the Supreme Court distinguished passive "failure to report" incidents, including failure to report to a penal institution, failure to report for periodic imprisonment, failure to return from furlough, and failure to return from work or day release, from aggressive behavior more likely to involve a risk of physical harm underlying an escape from custody. Id. at 691.

First, the Court finds that neither trial nor appellate counsel performed deficiently in failing to predict the holding of Chambers. The Sixth Amendment's guarantee of effective assistance of counsel does not require counsel to predict future changes in the law. United States v. Harms, 371 F.3d 1208, 1212 (10th Cir. 2004) (defense counsel does not have to be clairvoyant); Brown v. United States, 311 F.3d 875, 878 (10th Cir. 2002) (counsel not ineffective for failure to predict future developments in the law); United States v. Gonzalez-Lerma, 71 F.3d 1537, 1542 (10th Cir. 1995) (counsel not ineffective if a subsequent change to the law could lead to a reduction of defendant's sentence).

Furthermore, even if counsel performed deficiently, Defendant cannot satisfy the prejudice prong of the Strickland standard. To evaluate whether the escape convictions should be excluded under Chambers, the Court is required to use a modified categorical approach based upon the elements of the statute and review of the appropriate documents, including charging documents, any pleas thereto, and the judgments, to determine whether the offenses at issue constitute crimes of violence. United States v. Harris, 329 Fed.Appx. 202, 204 (10th Cir. 2009) (unpublished); see also

United States v. Charles, 576 F.3d 1060, 1069-70 (10th Cir. 2009). Defendant limits his challenge based on Chambers to the escape convictions entered in Atoka and Pittsburg counties. He apparently concedes that his escape conviction entered in Ottawa County District Court, Case No. CRF-78-714, should not be excluded by Chambers. The information filed in that case stated that Defendant and another inmate "while acting in concert each with the other, did force a window of said jail and did unlawfully effect escape from said jail," in violation of Okla. Stat. tit. 21, § 435.[1] See Dkt. # 64, attachment A. This escape clearly involved the use of force. As a result, the Ottawa County escape could not be categorized as a "failure to report" or a "walkaway" and its use as a predicate offense under the ACCA was proper and unaffected by Chambers.

Defendant specifically contests the use of his escape convictions entered in Atoka County District Court, Case No. CRF-1991-65, and in Pittsburg County District Court, Case No. F-1983-396. Defendant alleges that both convictions fall into the "failure to report" category for non-violent escapes. The information filed in the Atoka County case stated that Defendant violated Okla. Stat. tit. 21, § 443, when he "did unlawfully, wrongfully, knowingly, while an inmate confined to McLeod Correctional Center, . . . while actually confined therein, effected escape therefrom." Id., attachment B. Nothing in the court documents provided by the government and nothing provided by Defendant supports Defendant's contention that the Atoka County escape conviction resulted from his failure to return to custody or was otherwise improperly used as a predicate offense under the ACCA. In contrast, however, the affidavit in support of the information filed in Pittsburg County District Court, Case No. F-1983-396, stated that while Defendant was in custody at the Oklahoma State Penitentiary, McAlester, Oklahoma, Trusty Unit, he "could not be accounted for

---

[1] Section 435 of Title 21 was repealed, effective November 1, 1983.

at 3:25 a.m." and, after "[a] complete search of the building and grounds was conducted by correctional officers," Defendant "could not be located and had no permission to be off the premises." See id., attachment C. That record appears to support Defendant's contention that as a trusty, he was allowed to be outside the confines of the prison and that he simply walked away or failed to return to custody. Under Chambers, the Pittsburg County escape conviction should be excluded as a predicate offense for application of the ACCA.

However, even if the Pittsburg County escape conviction is not counted, Defendant still has three predicate offenses qualifying as violent felonies for application of the ACCA: the Ottawa County escape conviction, the Atoka County escape conviction, and the Craig County second degree burglary conviction. Therefore, the Court finds that Defendant cannot demonstrate that he suffered prejudice as a result of his attorneys' failure to object either at sentencing or on direct appeal.

Furthermore, even if the Atoka County escape conviction should be excluded, as argued by Defendant, evidence of a second prior conviction for Second Degree Burglary is contained in the record. Although only one prior conviction for Second Degree Burglary was cited as a predict offense for application of the ACCA, the Criminal History section of the PSR cites a second conviction for Second Degree Burglary, entered in Logan County District Court, Case No. CRF-1978-45. The government provides evidence demonstrating that in that case, Defendant pled guilty to entering Ruhl Distributing Company by breaking open the outer walk-in door without consent of the owner. See Dkt. # 64, attachment D. Defendant's other Second Degree Burglary conviction, entered in Craig County District Court, Case No. CF-1982-3, was also based on his unlawful entry into a building. In Taylor v. United States, 495 U.S. 575 (1998), the Supreme Court held that a burglary conviction may be used to enhance a sentence under the ACCA if it has "the basic elements

of unlawful or unprivileged entry into, or remaining in, a building or structure, with the intent to commit a crime." Id. at 599. In Oklahoma, second degree burglary convictions involving unlawful entries into buildings qualify as generic burglaries under Taylor. See, e.g., United States v. Parnell, 165 Fed.Appx. 634, 636 (10th Cir. 2006) (unpublished); United States v. Polk, 229 Fed.Appx. 776 (10th Cir. 2007) (unpublished). Thus, even if two of Defendant's escape convictions, those entered in Atoka and Pittsburg Counties, are excluded under Chambers, he still has three prior convictions properly counted as predicate offenses under the ACCA: his two second degree burglary convictions and his Ottawa County escape conviction. As a result, Defendant cannot demonstrate that he was ineligible for sentence enhancement under the ACCA and his claims of ineffective assistance of trial and appellate counsel fail. See United States v. Couchman, No. 08-6188, 2009 WL 1459611 (10th Cir. May 27, 2009) (unpublished) (stating that because even after Chambers, the defendant had three convictions sufficient to qualify him for ACCA enhancement, any appellate challenge to application of the ACCA would fail). Defendant's 28 U.S.C. § 2255 motion to vacate, set aside or correct sentence shall be denied.

## *CONCLUSION*

Defendant has failed to demonstrate entitlement to relief on the claims asserted in his § 2255 motion. Therefore, his motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 shall be denied.

**ACCORDINGLY, IT IS HEREBY ORDERED that:**

1. Defendant's motion for appointment of counsel (Dkt. # 66) is **denied**.

2. Defendant's 28 U.S.C. § 2255 motion to vacate, set aside or correct sentence (Dkt. # 58) is **denied**.

3. The Clerk shall send a copy of this Opinion and Order to the Tenth Circuit Court of Appeals as it relates to Case No. 10-5105.

DATED THIS 28th day of September, 2010.

TERENCE C. KERN
UNITED STATES DISTRICT JUDGE